J-S01003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID EDWARD SANFORD | : | |
| | : | |
| Appellant | : | No. 702 MDA 2020 |

Appeal from the Judgment of Sentence Entered March 12, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0006090-2018

BEFORE: LAZARUS, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.: **FILED FEBRUARY 12, 2021**

David Edward Sanford appeals from the judgment of sentence, entered in the Court of Common Pleas of Dauphin County, following his conviction for possession with intent to deliver a non-controlled substance,[1] simple assault,[2] and possession of drug paraphernalia.[3] We remand for preparation of a supplemental Pa.R.A.P. 1925(a) opinion.

Sanford was tried by a jury, which convicted him of the above offenses. On March 12, 2020, the court sentenced Sanford to an aggregate term of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(35)(ii).

[2] 18 Pa.C.S.A. § 2701(a)(1).

[3] 35 P.S. § 780-113(a)(32).

incarceration of two and one-half to five years. Sanford filed this timely appeal. Both the trial court and Sanford have complied with Rule 1925.

Sanford raises one issue for our review: "Whether the Commonwealth failed to present sufficient evidence to sustain the Appellant's convictions for possession with intent to deliver a non-controlled substance and simple assault." Appellant's Brief, at 7. He argues the Commonwealth failed to produce sufficient evidence for his convictions where he "did not assault the victim and did not possess paraphernalia or a controlled substance with the intent to deliver it." *Id.* at 8.

Here, Sanford did not order the transcript from his jury trial with his notice of appeal;[4] the transcript did not become part of the certified record until after this case was briefed on appeal. The trial court's opinion noted it was unable to review the matter and unable to provide an opinion in support of the order giving rise to the appeal. *See* Trial Court Opinion, 7/9/20, at 3-4 ("In light of the issue raised by [Sanford] for review, and the clear necessity of reviewing the trial transcripts, the lack of trial transcripts prevents this [c]ourt from providing a meaningful opinion in support of the reasons which gave rise to the appeal."). *See also* Pa.R.A.P. 1911(a), 1925(a), 1931(a)(1).

We, therefore, remand this case to the trial court for preparation of a supplemental Rule 1925(a) opinion. The trial court's supplemental opinion is

_____

[4] Sanford filed a *pro se* appeal on March 18, 2020, and counsel filed a notice of appeal on May 8, 2020. Neither notice contained a request for transcripts of the October 23, 2019 jury trial.

due in this Court in thirty (30) days. Sanford shall have ten (10) days thereafter to file a supplemental brief, and the Commonwealth shall have ten (10) days to file a supplemental responsive brief. The Prothonotary is directed to set a briefing schedule for the supplemental briefs.

Case remanded with instructions. Panel jurisdiction retained.